**FILED**

NOV – 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Stanley Edward Jamison Jr.

No. 06086-097

c/o USP VICTORVILLE

P.O. BOX 5500

Adelanto, California, near [92301]


In Propria Persona



United States District Court

for the District of Columbia


Stanley Edward Jamison Jr.,) Case No.

            Complainant,  )  COMPLAINT

v.                 )

U.S. DEPARTMENT OF JUSTICE )

ENVIRONMENT AND NATURAL    )

RESOURCES DIVISION,      )

RICHARD L. HUFF,       )

Co-Director,          )

           Respondent. )

CASE NUMBER 1:05CV02188

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 11/08/2005

**RECEIVED**

OCT 1 7 2005 REQUISITE NOTICE OF EXHAUSTION

NANCY MAYER WHITTINGTON, CLERK Comes now, Stanley Edward Jamison Jr., complainant,
U.S. DISTRICT COURT

[herein] avers under penalty of perjury of these united

States that he has lawfully exhausted his administrative

remedies prior to the filing of the instant complaint;

therefore, granting the same right to judicial review

1

pursuant to Title 5 U.S.C. Section 552(a)(4)(B).

## STATEMENT OF THE CASE

1. The above respondent Richard L. Huff, Co-Director of the Environment and Natural Resources Division of the United States Department of Justice has denied complainant his right to obtain portion of the administrative records [public record] as cited infra.

Heretofore, complainant hereby formally requests "judicial review" (as a matter of right) to obtain a copy of said administrative record secured by respondents; and/or in the interest of finality and closure, a judicial finding of Nul Tiel Record.

## STATEMENT OF THE FACTS

2. On the 24th of January 2005, complainant submitted to respondents a request for documents/records pursuant to Title 5 U.S.C. §552 and 552(a).

3. The requested documents/records, supra, targeted the UNITED STATES GOVERNMENT'S required acceptance of legislative federal criminal subject-matter jurisdiction [40 U.S.C. Section 255, cf at Title 40 U.S.C. §3112] over five (5) certain geographical locations within the Great State of California, [(1) 650 Capital Mall, Sacramento, California; (2) 501 I Street, Sacramento, California; (3) 280 South First Street, San Jose, California; (4) 450 Golden Gate Avenue, San Francisco, California; (5) 411 West Fourth Street, Santa Ana, California]. (See Exhibit A).

4. On the 14th day of February 2005, the respondent released a response asserting the nonexistence of such documents in that office, suggesting that complainant contact

the Environment and Natural Resources Division (ENRD) as it is the Department of Justice component responsible for providing guidance on the federal statute referred to in complainant's request. See Exhibit [B].

5. On the 28th day of February 2005, complainant filed a letter to the Environment and Natural Resources Division for records concerning the acceptance of legislative jurisdiction over fifteen tracts of land in California five of those tracts of land are cited para 3 supra. [See Exhibit C]

6. On May 27, 2005, respondents responded to complainant's request denying the existence of the records sought. [See Exhibit D (FOIA No.: FOIA-2005-00045) dated May 27, 2005].

7. On June 3, 2005, complainant timely appealed. [See Exhibit E Appeal No. 05-2049].

8. On August 1, 2005, respondent released a response asserting the non-existence of records responsive to complainant's request in its files. Respondent further grants complainant a right to seek judicial review in accordance with Title 5 U.S.C. §552(a)(4)(B). [See Exhibit F, dated August 1, 2005].

9. Complainant avers herein under penalty of perjury respondent/agency is in possession of the above-requested administrative record, as this complainant possesses personal first-hand knowledge of federal prosecutions of felony-class offenses prosecuted within the territorial boundaries of the geographical location cited within his FOIA/PA request and within this complaint; the occurrence of which, would be an impossibility without strict statutory compliance codified at

Title 40 U.S.C. §255, cf at 40 U.S.C. §3112.

ASSEVERATION UNDER 28 U.S.C. §1746 OR NOTARY
RE RIGHT TO REVIEW

10. I, Stanley Edward Jamison, Jr., hereinafter,
"complainant" deposes and says: That complainant is entitled
to judicial review, to wit:

(a) That Congress has enacted no statutes to preclude
review in the above-captioned complaint;

(b) That the records sought by complainant are
classified as public records.

ANALYSIS AND RELIEF REQUESTED

11. The complainant stated herein is attempting through
due diligence and obligatory extensive administrative
research to ascertain if a viable cause of action exists, as
said action would present a constitutional first amendment
redress.

12. Title 40 U.S.C. §255 states in relevant part:
"Unless and until the United States has accepted jurisdiction
over lands hereafter to be acquired as aforesaid, it shall be
conclusively presumed that no such jurisdiction has been
accepted." [See Exhibit G, U.S. Attorney General's Formal
Acceptance of Jurisdiction pursuant to Title 40 U.S.C.§255].

13. As aforementioned, complainant possesses first-hand
personal knowledge of federal government prosecution of
felony class offense(s) within the territorial boundaries
cited at paragraph [3] supra. In view of the above-referenced
statutory requirement at paragraph 12, any reasonable minded
person, acting reasonably, must therefore conclude that

respondent agency must be in possession of such adminstrative record detailing either exclusive or concurrent legislative "acceptance" of jurisdiction over aforementioned location paragraph [3].

### RELIEF REQUESTED

14. WHEREFORE, in the interest of complainant's "right to review", the time-honored principle(s) of justice and fairplay, the petitioner prays the court grant the following relief:

(a) That respondent agency be commanded to release the refused portion of the administrative record requested by complainant at Exhibit A; and/or in the alternative;

(b) That the Court issue an order of "Nul Tiel Record" in the matter to effect closure/finality for all concerned parties.

### CONCLUSION

15. The Complainant avers that respondent agency action has adversly impaired his right to public administrative records. The complainant herein is entitled to the release of said records and/or finality/closure in the form of a judicial finding of "Nul Tiel Record" requested supra. Done this 16th day of August, 2005 C.E.

FURTHER SAYETH YOUR COMPLAINANT NAUGHT

*Stanley Edward Jamison. Jr. ©*

Stanley Edward Jamison, Jr.
In Propria Personam & By Special
Appearance,
In Care of USPVICTORVILLE
[06086-097]

P.O. BOX 5500

Adelanto, California, near [92301]


### VERIFICATION

I, Stanley Edward Jamison, Jr, deposes and says that he
is the complainant and maker of this complaint for review in
the above-named complaint; that he has read the foregoing
complaint and knows the contents thereof; and that the
matters therein stated on information and belief, and as to
law, and as to those matters, he believes them to be true and
correct under the pain and penalty of perjury of these united
States of America.

*Stanley Edward Jamison Jr* ©

ASSEVERATION, in compliance with

28 U.S.C. §1746 (OR) NOTARY PUBLIC

EXHIBIT

A

Stanley Edward Jamison, Jr.
Reg. No. 06086-097
USP Victorville
P.O. Box 5500
Adelanto, CA 92301


OFFICE OF THE ATTORNEY GENERAL
Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C. 20530-001


Dear Deputy Director:

Please place this FOIA request in track one of two pursuant to Subsection (a)(6)(E) of the FOIA.

I'm requesting a copy of the following documentation specifically, the United States Government's letter of "acceptance" of the State of California cession of legislative jurisdiction over the tracts of land located at:

(1) 650 Capital Mall, Sacramento, California;

(2) 501 I Street, Sacramento, California;

(3) 280 South First Street, San Jose, California;  **05 2188**

(4) 450 Golden Gate Avenue, San Francisco, California;

(5) 411 West Fourth Street, Santa Ana, California;

Pursuant to Title 40 U.S.C. Sec. 255 now codified at 40 U.S.C. Sec. 3112, or Art. I, Sec. 8, Cl. 17, of the United States Constitution.

Please send applicable response as soon as possible.

Dated: January 24, 2005

Sincerely,

Stanley Edward Jamison Jr.

**FILED**

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT
B



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

                                                                    FEB 14 2005

Mr. Stanley Jamison
Reg. No. 06086-097
United States Penitentiary
P.O. Box 5500                              Re:    OIP/05-R0384
Adelanto, CA 92301                                MAP:CLM:DRH

Dear Mr. Jamison:

        This responds to your letter dated January 24, 2005, and received in this Office on
February 11, 2005, in which you requested "the United States Government's letter of 'Acceptance' of
the State of California cession of legislative jurisdiction over the tracts of land located at: (1) 650
Capital Mall, Sacramento, California; (2) 501 I Street, Sacramento, California; (3) 280 South First
Street, Sacramento, California; (4) 450 Golden Gate Avenue, San Francisco, California; (5) 411 West
Fourth Street, Santa Ana, California" pursuant to Title 40 U.S.C. § Sec. 255. This response is made
on behalf of the Office of Information and Privacy.

        As we advised you in our letter of December 16, 2004, the Freedom of Information Act
(FOIA) provides a right of access to federal agency records that exist and can be located in agency
files, and does not require agencies to answer questions, compile information or conduct research. For
your information, this Office maintains initial request files of FOIA and Privacy Act requests for records
that may be located in the Offices of the Attorney General, Deputy Attorney General, Associate
Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public
Affairs. Additionally, this Offices maintains files of administrative appeals of denials of Department of
Justice FOIA and Privacy Act requests. Therefore, this Office would not maintain the type of
information you have requested. I can only suggest that you contact the Environment and Natural
Resources Division (ENRD) as it is the Department of Justice component responsible for providing
guidance on the federal statute referred to in your request. As such, that component is best able to
assist you with your records request. You should contact ENRD directly at the following address:

                        Judy Harvey, Paralegal Specialist
                        Law and Policy Section
                        Environment and Natural Resources Division
                        Department of Justice
                        P.O. Box 4390                                    05 2188
                        Ben Franklin Station
                        Washington, DC 20044-4390

FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

If you consider my response to be a denial of your request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

EXHIBIT
C

Stanley Edward Jamison, Jr.

No. 06086-097

Federal Correctional Complex Victorville II

P.O. Box 5700

Adelanto, California 92301

February 22, 2005

Judy Harvey, Paralegal Specialist

Law and Policy Section

Environment and Natural Resources Division

Department of Justice

P.O. Box 4390

Ben Franklin Station

Washington, DC 20044-4390

Dr. Ms. Harvey:

        I'm requesting "the United States Government's letter
of 'Acceptance' of the State of California cession of legislative
jurisdiction over the tracts of land located at: (1) 650
Capitol Mall, Sacramento, California; (2) 501 I Street, Sacramento,
California; (3) 280 South First Street, San Jose, California;
(4) 450 Golden Gate Avenue, San Francisco, California; (5) 411
West Fourth Street, Santa Ana, California; (6) 2277 Watt
Avenue, Sacramento, California; (7) 70 Solano Square, Benicia,
California; (8) 11201 Gold Express Drive, Gold River, California;
(9) 6945 Stockton Boulevard, Sacramento, California; (10) 8386 Folsom
Boulevard, Sacramento, California; (11) 2270 Arden Way, Sacramento, California;

( 1 OF 2 )

05-2188
FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(12) 275 West Calaveras Boulevard, Milpitas, California; (13) 883 Blossom Hill Road, San Jose, California; (14) 60 West Hamilton, Campbell, California; (15) 1111 Washington, Santa Clara, California," pursuant to Title 40 U.S.C. Section 255.

    Please place this FOIA request in track one or two pursuant to 5 U.S.C. Section 552 (a)(6)(E).

    Please send applicable response as soon as possible.

                    Sincerely requested

                    Stanley Edward Dawson Jr.

(2 of 2)



**U.S. Department of Justice**

Environment and Natural Resources Division

EXHIBIT C

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

MAR 1 0 2005

Stanley Edward Jamison, Jr.
No. 06086-097
Federal Correctional Complex Victorville II
P.O. Box 5700
Adelanto, CA  92301

FOIA No.: FOIA-2005-00045

Dear Mr. Jamison:

The Environment and Natural Resources Division received your Freedom of Information Act (FOIA) request on February 28, 2005 for records concerning the acceptance of legislative jurisdiction over fifteen tracts of land in California.

Under the Department's FOIA regulations, found at 28 C.F.R. 16.3(c), by filing a FOIA request, you have agreed to pay all applicable costs up to $25.00. Our response letter will detail any fees owed as a result of your request; please do not send any payment now. If you need information on fee waiver criteria, believe you have met the requirements for a fee waiver, at 28 C.F.R. 16.11(k), or do not agree to pay fees up to $25.00, please contact us as soon as possible.

Please contact me at (202) 514-0424 with any questions.

Sincerely,

Nadia Rhazi
Paralegal Specialist



EXHIBIT
D

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

Stanley Edward Jamison, Jr.
No. 06086-097
United States Penitentiary Victorville
P.O. Box 5500
Adelanto, California 92301

MAY 2 7 2005

FOIA No.: FOIA-2005-00045

Dear Mr. Jamison:

This letter responds to your Freedom of Information Act (FOIA) request for records concerning the acceptance of legislative jurisdiction over fifteen tracks of land in California. The Environment and Natural Resources Division received your request on February 28, 2005.

We have conducted a search of this Division's files and have located no records responsive to your request.

Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or non-existence of federal legislative jurisdiction over a site.

This determination may be appealed under 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A) within 60 days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, 950 Pennsylvania Avenue, N.W., Washington D.C. 20530. You should clearly mark your envelope and letter: "Freedom of Information Appeal."

The Environment and Natural Resources Division has reviewed the information provided to us on the time spent on this matter and has determined that we will not need to address your fee waiver request because the processing fees do not exceed our minimum billing threshold.

If you need any further assistance, please contact Nadia Rhazi at (202)514-0424.

Sincerely,

05 2188

Pauline H. Milius
Chief

FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Stanley Edward Jamison Jr.,

NO. 06086-097

c/o P.O. BOX 5500

Adelanto, California, near [92301]


Co-Director,

Office of Information and Privacy,

U.S. Department of Justice,

Flag Building, Suite 570,

950 Pennyslvania Avenue, N.W.,

Washington D.C. 20530


Re: "FOIA NO. FOIA-2005-00045

   FREEDOM OF INFORMATION ACT APPEAL"

Dated: June 3, 2005


Dear Co-Director:

   This appeal is in regards to the response I received on

June 2, 2005, dated May 27, 2005, from Pauline H. Milus,

Chief, of the U.S. Department of Justice, Environment and

Natural Resources Division claiming that said Division's

files have located no records responsive to my request. In a

letter dated February 22, 2005 in which I requested specific

documentation in re to the "U.S. Government's 'Acceptance' of

legislative criminal subject matter jurisdiction over the

property located at the following location(s); (1) 650

Capitol Mall, Sacramento, California; (2) 501 I Street,

Sacramento, California; (3) 280 South First Street, San Jose,

California; (4) 450 Golden Gate Avenue, San Francisco,

05 2188

FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT
F

U.S. Department of Justice

Office of Information and Privacy

___

Telephone: (202) 514-3642          Washington, D.C. 20530

AUG 0 1 2005

Mr. Stanley E. Jamison, Jr.
Register No. 06086-097
United States Penitentiary        Re:  Appeal No. 05-2049
Post Office Box 5500                   Request No. 2005-00045
Adelanto, CA  92301                    RLH:KDC:JTR

Dear Mr. Jamison:

    You appealed from the action of the Environment and Natural
Resources Division of the United States Department of Justice on
your request for access to records concerning whether the federal
government has accepted "legislative jurisdiction" at five different
locations in California.

    The ENRD informed you that it could locate no records respon-
sive to your request in its files.  It has been determined that the
ENRD's response is correct.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                   Sincerely,

                                   Richard L. Huff
                                   Co-Director

05 2188

FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT
G

# GENERAL SERVICES ADMINISTRATION



*Washington 25, D. C.*

APR 12 1965

AGENDA ITEM NO. 8   (1 of 2 letters)

Honorable Edmund G. Brown
Governor of California
Sacramento, California

Dear Governor Brown:

In accordance with the laws of the State of California, Section 126
of the California Government Code, and in accordance with the rules
and regulations governing conditions and procedures thereunder
adopted by the State Lands Commission of the State of California,
General Services Administration hereby requests a public hearing
by the said Commission to determine whether the conditions and
reservations with respect to the consent of acquisition by the
United States of the land described hereinafter have been met.

The parcel of property over which Federal jurisdiction is requested
is located in the City of Sacramento and the County of Sacramento,
and is the site on which is situated the Federal Building and United
States Courthouse, 650 Capitol Avenue. The property is bounded by
Capitol Avenue on the north, Seventh Street on the east, "N" Street
on the south, and Sixth Street (closed) on the west. A legal descrip-
tion of the land over which jurisdiction is requested and a drawing
thereof will be furnished the California State Lands Commission prior
to the hearing.

GSA, in behalf of the United States of America, hereby assents to
the acceptance of Federal jurisdiction over the above described
site as provided by Section 355, Revised Statutes, as amended; 40
U.S.C. 255, by and subject to each and all of the conditions and
reservations described in said California Government Code, Section
126. Federal jurisdiction is desired in order to provide proper
enforcement of laws and Federal Regulations and to provide security
for persons and property located within the building and upon the
grounds of the above described site.

A representative from Regional Office, GSA, 49 Fourth Street, San
Francisco, California, will attend a hearing and present the neces-
sary evidence in support of this application.

05 2188

FILED

NOV - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

When the said Commission has made the necessary declaration and findings and certified copies thereof have been filed in the Office of the California Secretary of State and recorded in the Office of the County Recorder, Sacramento County, as required by Section 126 of the California Government Code, as amended, it will be appreciated if the Commission will furnish the person representing the Federal Government a certified copy of the Order and Resolution as filed and recorded.

Upon receipt of copy of the aforementioned Order and Resolution, formal acceptance on behalf of the United States of concurrent jurisdiction will be furnished pursuant to the provisions of 40 U.S.C., Section 255.

Sincerely yours,

Lawson B. Knott, Jr.
Acting Administrator

FORM 70.5

Case 1:05-cv-02123-PLF   Document 1   Filed 11/08/2006   Page 18 of 27

35862   NO FEE

BOOK 06-05-03 PAGE 372

STATE LANDS COMMISSION
STATE LANDS DIVISION
STATE OF CALIFORNIA

№ L.A. 1987

031

LOS ANGELES

*minutes of 4/28/66 mailing and Cert*

The undersigned, acting in this behalf for the State Lands Commission, does hereby certify, that the annexed document is a true and correct copy of an excerpt from the minutes of the meeting of the State Lands Commission held in Sacramento, California, on Thursday, April 28, 1966, identified as Minute Item No. 30,

on file in the office of the State Lands Commission; that said minute item has been compared by the undersigned with the original, and is a correct transcript ------ therefrom.

IN WITNESS WHEREOF, the undersigned has executed this certificate and affixed the seal of the State Lands Commission, this 28th day of April, A. D. 19 66

(TITLE) Executive Officer
STATE LANDS COMMISSION

E8264 2-62 500 DUP SPO

BOOK 66-05-03 PAGE 373

MINUTE ITEM                                    4/28/66

30.  ACQUISITION BY THE UNITED STATES OF LAND OCCUPIED BY THE FEDERAL BUILDING
AND UNITED STATES COURTHOUSE, 650 CAPITOL MALL, SACRAMENTO, CALIFORNIA, UNDER
THE PROVISIONS OF SECTION 126, GOVERNMENT CODE - S.W.O. 8144.

After consideration of Calendar Item 24 attached, and upon motion duly made
and unanimously carried, the following resolution was adopted:

THE STATE LANDS COMMISSION FINDS AND DECLARES, WITH RESPECT TO THOSE CERTAIN
LANDS ACQUIRED BY THE UNITED STATES AND NOW USED BY THE UNITED STATES GOVERN-
MENT AS A FEDERAL BUILDING AND UNITED STATES COURTHOUSE AT 650 CAPITOL MALL,
SACRAMENTO, CALIFORNIA, PARTICULARLY DESCRIBED AS FOLLOWS:

ALL THAT REAL PROPERTY SITUATE IN THE CITY OF SACRAMENTO, COUNTY OF
SACRAMENTO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

COMMENCING AT AN ALUMINUM MONUMENT DISC SET IN CONCRETE STAMPED
L.S. 2651-1958 MARKING THE INTERSECTION OF "N" STREET AND 6TH STREET
AS SHOWN ON THAT CERTAIN SURVEY ENTITLED "RECORD OF SURVEY CERTAIN
BLOCKS IN AREA BOUNDED BY "J" AND "P" STREETS, 3RD AND 8TH STREETS,
CITY OF SACRAMENTO", RECORDED IN THE OFFICE OF THE RECORDER OF
SACRAMENTO COUNTY IN BOOK 13 OF SURVEYS, MAP NO. 18; THENCE, FROM
SAID POINT OF COMMENCEMENT ALONG THE CENTERLINE OF SAID "N" STREET,
NORTH 71°36'46" WEST 40.00 FEET; THENCE, NORTH 18°28'38" EAST 40.00
FEET TO THE INTERSECTION OF THE NORTH LINE OF "N" STREET WITH THE
WEST LINE OF 6TH STREET, THE TRUE POINT OF BEGINNING OF THE PARCEL
DESCRIBED HEREIN; THENCE, FROM SAID TRUE POINT OF BEGINNING, ALONG
THE WEST LINE OF SAID 6TH STREET, NORTH 18°28'38" EAST 322.16 FEET
TO A POINT DISTANT SOUTHERLY 70.00 FEET MEASURED AT RIGHT ANGLES FROM
THE CENTERLINE OF CAPITOL AVENUE; THENCE, PARALLEL WITH AND DISTANT
SOUTHERLY 70.00 FEET MEASURED AT RIGHT ANGLES FROM SAID CENTERLINE
OF CAPITOL AVENUE, THE FOLLOWING TWO (2) COURSES; (1) SOUTH 71°37'26"
EAST 40.00 FEET TO THE CENTERLINE OF SAID 6TH STREET AND (2) SOUTH
71°30'59" EAST 361.07 FEET TO THE WESTERLY LINE OF 7TH STREET; THENCE,
ALONG SAID WESTERLY LINE OF 7TH STREET, SOUTH 18°30'51" WEST 321.49
FEET TO THE INTERSECTION OF SAID WESTERLY LINE WITH THE NORTHERLY
LINE OF "N" STREET; THENCE, ALONG SAID NORTHERLY LINE OF "N" STREET,
NORTH 71°37'26" WEST 360.88 FEET; THENCE, NORTH 71°36'46" WEST 40.00
FEET TO THE TRUE POINT OF BEGINNING.

THAT THE CONDITIONS PRESCRIBED IN SUBDIVISIONS (a), (b), (c), (e), AND (h) OF
SECTION 126 OF THE GOVERNMENT CODE OF THE STATE OF CALIFORNIA HAVE BEEN FOUND
TO HAVE OCCURRED AND TO EXIST AND THAT SUCH ACQUISITION IS IN THE INTEREST OF
THE STATE.

FURTHER, THE EXECUTIVE OFFICER IS DIRECTED TO FILE A CERTIFIED COPY OF THIS
FINDING IN THE OFFICE OF THE SECRETARY OF STATE AND TO HAVE A COPY RECORDED
IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY.

Attachment
   Calendar Item 24 (5 pages)

A 3, 8, 9

BOOK 06-05-03 PAGE 374

CALENDAR ITEM                                                    4/66

24.

ACQUISITION BY THE UNITED STATES OF LAND OCCUPIED BY THE FEDERAL BUILDING AND
UNITED STATES COURTHOUSE, 650 CAPITOL MALL, SACRAMENTO, CALIFORNIA, UNDER THE
PROVISIONS OF SECTION 126, GOVERNMENT CODE - S.W.O. 8144.

On January 26, 1966, the Commission authorized the Executive Officer to order
and conduct the requisite hearing, pursuant to Section 126 of the Government
Code and to the Rules and Regulations of the Commission as set forth under
Sections 2600 to 2604 of Title 2, Division 3 of the California Administrative
Code, on the application for consent to acquisition by the United States of
land in the State of California known as the Federal Building and United States
Courthouse, 650 Capitol Mall, Sacramento, more particularly described herein-
after, subject to report to the Commission of the determinations of such hearing
for final consideration and action.

Under date of April 12, 1965, an application for acceptance of jurisdiction by
the United States over land comprising the Federal Building and United States
Courthouse, 650 Capitol Mall, Sacramento, California, was executed by the
Acting Administrator of General Services Administration in behalf of the United
States of America, assenting to the acceptance of Federal jurisdiction over
the above-referred-to site as provided by Section 355, Revised Statutes, as
amended; 40 U.S.C. 255, by and subject to each and all of the conditions and
reservations described in California Government Code, Section 126.

Pursuant to said application, arrangements were made to conduct the requisite
public hearing at Room 3201, Federal Building and United States Courthouse,
650 Capitol Mall, Sacramento, California, at 10 a.m., Wednesday, March 9, 1966.

The notice of public hearing was published February 17, 1966, in "The Daily
Recorder", a newspaper of general circulation, published in Sacramento,
California; and personal service of said notice was made February 10, 1966,
on the Clerk of the Board of Supervisors of the County of Sacramento. Notices
were thus published and served in compliance with Section 2602, Title 2,
Division 3, of the California Administrative Code.

A hearing was held by the Executive Officer in Room 3201 Federal Building and
United States Courthouse, Sacramento, California, at 10 a.m., March 9, 1966.
A record of the hearing was made, and the transcript was made a part of the
Commission record in this case. The Attorney General was represented by
John Fourt, Deputy Attorney General. Appearances were made on behalf of the
applicant by Max M. Misenar, Attorney Advisor, and by Oliver W. Conroy, Jr.,
Supervisory Realty Officer, both of the General Services Administration,
United States Government.

Section 126 of the Government Code requires that the State Lands Commission
must have found and declared to have occurred and to exist the fulfillment of
certain specified conditions. Oral and documentary evidence was presented and
received at the hearing in support of the contention of the applicant that
these conditions have been met and complied with. Conclusions in regard to the
presentation are as follows:

CALENDAR ITEM 24 (CONTD.)

Evidence was presented at the hearing to the effect that the acquisition was made for the "erection of forts, magazines, arsenals, dockyards, and other needful buildings, or other public purposes, within the purview of Clause 17, Section 8, Article I, of the Constitution of the United States". According to that evidence, the Federal Building and United States Courthouse above referred to has as its purpose the housing of various federal agencies rendering public service.

The second condition requires that a finding must be made that "the acquisition must be pursuant to and in compliance with the laws of the United States". The property was acquired in fee simple by the United States by final judgment in condemnation pursuant to authority contained in the Act of August 1, 1888 (25 Stat. 357, c. 728), as amended; the Act of February 26, 1931 (46 Stat. 1421, c. 307); the Public Buildings Act of 1949, approved June 16, 1949 (63 Stat. 176), as amended; the Federal Property and Administrative Services Act of 1949, approved June 30, 1949 (63 Stat. 377), as amended; and the Public Buildings Purchase Contract Act of 1954, approved July 22, 1954 (68 Stat. 518), as amended. The funds for such acquisition were appropriated by the Supplemental Appropriation Act, 1956, approved August 4, 1955 (69 Stat. 458), and the Independent Offices Appropriation Act, 1959, approved August 28, 1958 (72 Stat. 1063), Appropriation chargeable "47X1147 Sites and Expenses, Public Buildings Projects, GSA", Allotment CO.174.X-X. 82000 (Project 04904).

By testimony presented and documentary evidence introduced by the applicant in the form of final judgment in condemnation and letter of opinion by the Office of the Attorney General of the United States, it was established that all federal statutory requirements had been fully complied with and that the United States is vested with a good and sufficient title in fee simple for the subject land.

The third condition upon which a finding is required is that "the United States must in writing have requested State consent to acquire such land, subject to each and all of the conditions and reservations in this section and in Section 4 of Article XIV of the Constitution prescribed". A letter received by the Governor of California from the Acting Administrator (Lawson B. Knott, Jr.) of the General Services Administration, dated April 12, 1965, requested State consent to acquire the land and assented to acceptance of jurisdiction on behalf of the United States, pursuant to Section 355, Revised Statutes, as amended; 40 U.S.C. 255. This request for consent and acceptance is made subject to each and all of the conditions and reservations prescribed in Section 126, Government Code, State of California, and therefore is in accordance with law and with the rules of the Commission. The form and substance of this application have been reviewed and approved by the Office of the Attorney General.

The fourth requirement, which must have been found and declared to have occurred and to exist by the Commission, is as follows: "(e) In granting this consent, the Legislature and the State grant concurrent jurisdiction on and over the land to the United States, excepting and reserving state jurisdiction on and over the land for the execution of civil and criminal process and to enforce the laws of the State of California in all cases, and the State's entire power of taxation including that of each state agency, county, city, city and county, political

## CALENDAR ITEM 24. (CONTD.)

subdivision or public district of or in the State; and reserve to all persons residing on such land all civil and political rights, including the right of suffrage, which they might have were this consent not given."

The fifth requirement, which must have been found and declared to have occurred and to exist by the Commission, is as follows: "(h) In granting this consent, the Legislature and the State reserve jurisdiction over the land, water and use of water with full power to control and regulate the acquisition, use, control and distribution of water with respect to the land acquired."

The findings that must have been found and declared to have occured and to exist are satisfied by the following quoted statement from the April 12, 1965, letter request and acceptance from Mr. Lawson B. Knott, Jr., Acting Administrator, General Services Administration, to the Governor of the State of California: "General Services Administration, in behalf of the United States of America, hereby assents to the acceptance of Federal jurisdiction over the above described site as provided by Section 355, Revised Statutes, as amended; 40 U.S.C. 255, by and subject to each and all of the conditions and reservations described in said California Government Code, Section 126. " Furthermore, during the public hearing, the conditions contained in subsections (e) and (h) were acknowledged by Federal representatives and concurrence was given thereto. By assenting to acceptance of Federal jurisdiction by and subject to each and all of the conditions and reservations specified in California Government Code Section 126 and by the above acknowledgement, the Commission can properly find that the conditions and reservations prescribed in subsections (e) and (h) of Section 126 have been found to have occurred and to exist.

The sixth requirement is that the Commission must have found and declared that the acquisition is in the interest of the State. Testimony was presented to the effect that the building houses government agencies whose functions benefit the residents of California, that the building was built by California labor, and that agencies housed therein employ approximately 1,200 employees with an aggregate monthly payroll of approximately $600,000. In addition, the local redevelopment agency asked that this building be located within their redevelopment district.

No appearances were made in opposition to the applicant.

### SUMMARY

Pursuant to delegation of authority by the Commission to the Executive Officer, the findings of the hearing officer are as follows:

1.  The property comprises one parcel in one ownership acquired by the United States as a Federal Building and Courthouse. The acquisition comes within the purview of Clause 17, Section 8, Article I, of the Constitution of the United States, which requires that it be "for the erection of forts, magazines, arsenals, dockyards and other needful buildings or other public purposes";

BOOK 66-05-03 PAGE 377

## CALENDAR ITEM 24. (CONTD.)

2. The acquisition was by judgment in condemnation, and was made pursuant to the laws of the United States. The United States is vested with a good and sufficient title in fee simple to the subject land;

3. The United States, through the Acting Administrator of General Services Administration, has requested State consent to acquire the land and assented to acceptance of jurisdiction on behalf of the United States subject to each and all of the conditions and reservations of Section 126 of the Government Code, State of California, as amended by Statutes of 1961, Chapter 966;

4. The United States has, by its letter of acceptance dated April 12, 1965, and during the public hearing of March 9, 1966, consented to the provisions of subsections (e) and (h) of Section 126 of the Government Code, and the Commission can properly declare that such conditions have been found to have occurred and to exist;

5. Acquisition is in the interest of the State in view of the public services rendered to the residents of California and its substantial contribution to the economy of the local community and the State;

6. All requirements of Section 126 of the Government Code of the State of California have been complied with by the applicant and by the State Lands Commission and its staff.

The proceedings were attended by a representative of the Office of the Attorney General, and are considered legally sufficient in respect to applicable statutes and rules and regulations.

IT IS RECOMMENDED THAT THE STATE LANDS COMMISSION FIND AND DECLARE, WITH RESPECT TO THOSE CERTAIN LANDS ACQUIRED BY THE UNITED STATES AND NOW USED BY THE UNITED STATES GOVERNMENT AS A FEDERAL BUILDING AND UNITED STATES COURTHOUSE AT 650 CAPITOL MALL, SACRAMENTO, CALIFORNIA, PARTICULARLY DESCRIBED AS FOLLOWS:

ALL THAT REAL PROPERTY SITUATE IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

COMMENCING AT AN ALUMINUM MONUMENT DISC SET IN CONCRETE STAMPED L.S. 2651-1958 MARKING THE INTERSECTION OF "N" STREET AND 6TH STREET AS SHOWN ON THAT CERTAIN SURVEY ENTITLED "RECORD OF SURVEY CERTAIN BLOCKS IN AREA BOUNDED BY "J" AND "P" STREETS, 3RD AND 8TH STREETS, CITY OF SACRAMENTO", RECORDED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY IN BOOK 13 OF SURVEYS, MAP NO. 18; THENCE; FROM SAID POINT OF COMMENCEMENT ALONG THE CENTERLINE OF SAID "N" STREET, NORTH 71°36'46" WEST 40.00 FEET; THENCE, NORTH 18°28'38" EAST 40.00 FEET TO THE INTERSECTION OF THE NORTH LINE OF "N" STREET WITH THE WEST LINE OF 6TH STREET, THE TRUE POINT OF BEGINNING OF THE PARCEL DESCRIBED HEREIN; THENCE, FROM SAID TRUE POINT OF BEGINNING, ALONG THE WEST LINE OF SAID 6TH STREET, NORTH 18°28'38" EAST 322.16 FEET TO A POINT DISTANT SOUTHERLY 70.00 FEET MEASURED AT RIGHT ANGLES FROM THE CENTERLINE OF CAPITOL AVENUE; THENCE, PARALLEL WITH AND DISTANT

-4-

BOOK 66-05-03 PAGE 378

CALENDAR ITEM 24. (CONTD.)

SOUTHERLY 70.00 FEET MEASURED AT RIGHT ANGLES FROM SAID CENTERLINE
OF CAPITOL AVENUE, THE FOLLOWING TWO (2) COURSES; (1) SOUTH 71°37'26"
EAST 40.00 FEET TO THE CENTERLINE OF SAID 6TH STREET AND (2) SOUTH
71°30'59" EAST 361.07 FEET TO THE WESTERLY LINE OF 7TH STREET; THENCE,
ALONG SAID WESTERLY LINE OF 7TH STREET, SOUTH 18°30'51" WEST 321.49
FEET TO THE INTERSECTION OF SAID WESTERLY LINE WITH THE NORTHERLY
LINE OF "N" STREET; THENCE, ALONG SAID NORTHERLY LINE OF "N" STREET,
NORTH 71°37'26" WEST 360.88 FEET; THENCE, NORTH 71°36'46" WEST 40.00
FEET TO THE TRUE POINT OF BEGINNING.

THAT THE CONDITIONS PRESCRIBED IN SUBDIVISIONS (a), (b), (c), (e), AND (h) OF
SECTION 126 OF THE GOVERNMENT CODE OF THE STATE OF CALIFORNIA HAVE BEEN FOUND
TO HAVE OCCURRED AND TO EXIST AND THAT SUCH ACQUISITION IS IN THE INTEREST OF
THE STATE.

IT IS FURTHER RECOMMENDED THAT THE EXECUTIVE OFFICER BE DIRECTED TO FILE A
CERTIFIED COPY OF THIS FINDING IN THE OFFICE OF THE SECRETARY OF STATE AND
TO HAVE A COPY RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO
COUNTY.

OFFICIAL RECORDS
SACRAMENTO COUNTY, CALIF.

MAY 3 9 12 AM 1966

COUNTY RECORDER

-5-

35862

STATE OF CALIFORNIA    ARNOLD SCHWARZENEGGER, Governor

**CALIFORNIA STATE LANDS COMMISSION**
100 Howe Avenue, Suite 100-South
Sacramento, CA  95825-8202



**PAUL D. THAYER,** *Executive Officer*
(916) 574-1800    FAX (916) 574-1810
*Relay Service From TDD Phone* **1-800-735-2929**
*from Voice Phone* **1-800-735-2922**

**Contact Phone:  (916) 574-1829**
**Contact FAX:  (916) 574-1855**

June 8, 2005

Mr. Stanley Edward Jamison, Jr., No. 06086-097
Federal Correctional Complex Victorville
P. O. Box 5700
Adelanto, CA 92301

Re: Federal Jurisdiction at Various Properties

Dear Mr. Jamison:

We have received your Petition for Writ of Mandamus of May 31, 2005. Preliminarily we note that the filing of your Petition with the State Lands Commission is an inappropriate forum.  The State Lands Commission is an administrative agency and not a judicial forum.  Petitions such as yours should be filed in the appropriate judicial forum - a court.  Nonetheless we offer the following comments on the points raised in your Petition.

An important principle for you to keep in mind is that the United States has the power to prosecute federal crimes under a number of different federal constitutional powers and federal statutes.  It does not require a State's cession of jurisdiction.  Your attorney can help you with this.  Alternatively, you can contact the United States Department of Justice, 950 Pennsylvania Avenue, Washington, D.C. 20530-0001 for assistance.

Next, under California law, a number of things must occur before the State makes a cession of legislative jurisdiction to the United States.  First the United States must own the property or at least have a leasehold interest in it.  As of the date of your letter, all of the properties you inquired about, except 501 "I" St. and 650 Capitol Mall, Sacramento, are owned by non-federal parties.  California does not cede jurisdiction to non-federal parties.  Additionally, the Commission has no information on whether the United States leased any of those non-federal properties.

More importantly, California only considers ceding legislative jurisdiction to the United States after the United States has requested California to do so.  With regard to

Mr. Stanley Edward Jamison, Jr.
June 8, 2005
Page 2

the properties cited in your letter and excepting 650 Capitol Mall, Sacramento, the United States has never petitioned California for a cession over any of those properties. And for this reason the Commission has no file on any of these properties.

I am enclosing a copy of California Government Code Section 126 for your information and reference. This statute was enacted in 1946 and after 1947 became the sole statute for ceding legislative jurisdiction to the United States. The statute has been amended several times over the years. The version enclosed is the current statute.

In summary, I don't believe there is anything more that the Commission can provide you. Of the properties cited in your letters, only 501 "I" Street and 650 Capitol Mall are listed by the County Tax Assessor's Office as being federally owned. All of the other parcels are owned by non-federal parties. Of the two federal properties, the United States has petitioned for a cession of jurisdiction only over the 650 Capitol Mall parcel. We have previously provided you with a copy of the Commission's action on that parcel. I encourage you to discuss with your attorney the various federal powers that can be invoked for the prosecution of federal crimes.

Sincerely,

JAMES R. FREY
Senior Staff Counsel

Enclosure

# CERTIFICATE OF SERVICE

I, _Stanley Edward Jamison Jr._ hereby certify that I have served a true and correct copy of the following: " COMPLAINT FOR JUDICIAL REVIEW " with accompanying Exhibits A-G- ALSO Enclosed are a Civil Cover Sheet, A Letter to the Clerk of Court for a Conformed Filed COPY OF Complaint, APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT. A SELF ADDRESSED Envelope (Stamped)"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, _Houston v. Lack_, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

USDC / DISTRICT OF COLUMBIA
CLERK OF COURT
333 Constitution Avenue, N.W.
Washington, D.C. 20001

and deposited same in the United States Postal Mail at the United States Penitentiary, California, on this: _22nd_ day of: _September_ , 200**5**

Stanley Jamison

#06086-097
USP VICTORVILLE
P.O. BOX 5500
Adelanto, CA 92301