**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANLEY E. JAMISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2188 (PLF) |
| ) | |
| UNTIED STATES OF AMERICA, et al. ) | ECF |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c), Defendants Department of Justice and Environment and Natural Resources Division ("ENRD") and Mr. Richard L. Huff, Co-Director of the Office of Information and Privacy, by and through undersigned counsel, respectfully move this Court for dismissal or, alternatively, for summary judgment because there are no material facts in genuine dispute and Defendants are entitled to judgment as a matter of law. In support of this Motion, Defendants refer the Court to the attached Memorandum of Points and Authorities, the Statement of Material Facts for Which There is No Genuine Dispute, the Declaration of Ms. Nadia Rhazia, and the accompanying exhibits.

*Pro se* Plaintiff Stanley E. Jamison, Jr., should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which

1

provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated:                                                      Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　KENNETH L. WAINSTEIN, D.C. BAR #451058
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　R. CRAIG LAWRENCE, D.C. BAR #171538
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　JOHN C. TRUONG, D.C. BAR #465901
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　　(202) 307-0406

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STANLEY E. JAMISON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 05-2188 (PLF) |
| UNTIED STATES OF AMERICA, et al. | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I.   Introduction.

*Pro se* Plaintiff Stanley E. Jamison, Jr., an inmate in the Victorville federal penitentiary in Adenato, California, files this Freedom of Information Act ("FOIA") case seeking access to records pertaining to certain tracts of land located in California. See Complaint at ¶ 5. Defendants conducted a thorough search for responsive documents but did not locate any. Defendant Environmental and Natural Resources Division ("ENRD") informed Mr. Jamison of this result. Not satisfied, Mr. Jamison is now suing Defendants ENRD and Mr. Richard L. Huff alleging that they "denied [him of ] his right to obtain portion of the administrative records (public record)." Compl. at ¶ 1.

Defendants move for dismissal or, alternatively, for summary judgment on two grounds: first, as a matter of law, a FOIA lawsuit cannot be maintained against an individual officer (Mr. Huff); and second, responsive documents do not exist and, therefore, Defendants have not improperly withheld any responsive documents.  As a result, there is no dispute of any material

1

fact and Mr. Jamison's FOIA claims fail as a matter of law.

**II.    Background**

On February 22, 2005, *pro se* Plaintiff Stanley E. Jamison, Jr., submitted a FOIA request to Defendant Environment and Natural Resources Division ("ENRD") seeking "'the United States Government's letter of 'acceptance' of the State of California cession of legislative jurisdiction over the tracts of land'" in California.  Declaration of Nadia Rhrazi (Rhrazi Decl.) at ¶ 3 (quoting Mr. Jamison's FOIA request)  & Gov. Exh. A.  In response, on March 10, 2005, the ENRD notified Mr. Jamison that it received his FOIA request.  See Rhrazi Decl. at ¶ 4 & Gov. Exh. B.

The ENRD then conducted a thorough search for responsive documents.  See Rhrazi Decl. at ¶ 6 & 7 (describing the search for responsive documents).  Specifically, the ENRD searched the files in its Law and Policy Section.  This particular Section "maintains ENRD's files specifically concerning legislative jurisdiction determinations (these determinations involve the ceding of land between states and the federal government)."  See Rhrazi Decl. at ¶ 6.  These files are kept in file cabinets located in the Law and Policy Section.  Id.  The ENRD does not have an electronic datebase for these documents.  Id.

Subsequently, on May 27, 2005, the ENRD informed Mr. Jamison that its search did not turn up any responsive documents.  See Rhrazi Decl. at ¶ 8 & Gov. Exh. C.  Approximately a month later, on June 24, 2005, the ENRD received a memorandum from the Office of Information and Privacy ("OIP") of the Department of Justice indicating that Mr. Jamison appealed the ENRD's May 27, 2005 letter.  See Rhazi Decl. at ¶ 9 & D.  On August 1, 2005, the OIP informed Mr. Jamison that the ENRD's response was correct in that it found no responsive

documents exist. See Rhrazi Decl. at ¶ 10 & E. Mr. Jamison then filed this lawsuit on November 8, 2005. See Complaint. Upon learning of this lawsuit, the ENRD conducted another thorough search but, as with the previous attempt, did not find any responsive documents. See Rhazi Decl. at ¶ 11.

### III.   Standard of Review

####   A.   Motion to Dismiss Standard

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Atchinson v. D.C., 73 F.3d 418, 421 (D.C. Cir. 1996). In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Maljack Prods. v. Motion Picture Ass'n, 52 F.3d 373, 375 (D.C. Cir. 1995); Ramirez de Arellano v. Weinberger, 745 F.3d 1500, 1506 (D.C. Cir. 1984). The court need not, however, accept the plaintiff's legal conclusions. Taylor v. F.D.I.C., 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Miree v. DeKalb County, 433 U.S. 25, 27 (1977). In short, a motion to dismiss under Rule 12(b)(6) is intended to test the legal sufficiency of the complaint. See Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

####   B.   Summary Judgment In FOIA Cases

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once

documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further."  Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

IV.  **Argument**

    A.  **Mr. Jamison Cannot Proceed Under FOIA Against The Individually Named Defendant.**

Mr. Jamison seeks the production of the records associated with certain tracts of land located in California under the FOIA, 5 U.S.C. § 552.  Not satisfied with the result of the thorough search, which did not uncover any responsive documents, Mr. Jamison sues.  In addition to naming the ENRD, Mr. Jamison also named Mr. Richard L. Huff as a defendant who

allegedly denied him the requested documents.  Compl. at ¶ 1.[1]  Mr. Huff was a Co-Director of the Office of Information and Privacy of the Department of Justice.  See Gov. Exh. E.  However, Mr. Jamison's claims against the individual-defendant, Mr. Huff, fails as a matter of law.

Under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the Department of Justice, of which the ENRD is a component.  Importantly, FOIA authorized civil actions only against federal agencies, and not against their individual employees.  See 5 U.S.C. § 552(a)(4)(B); Sherwood Van Lines, Inc. v. United States Department of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).  Mr. Huff was an employee of the OIP, who processed Mr. Jamison's administrative appeal.  See Gov. Exh. E.  Accordingly, Mr. Jamison cannot state a claim against Mr. Huff under the FOIA, and all claims against Mr. Huff should be dismissed.

### B. The ENRD Has Not Withheld Any Documents Because No Responsive Records Exist.

To prevail in a FOIA case, plaintiff must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'"  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989), quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B).  To obtain summary judgment in its favor, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir.

---

[1]   The Complaint mistakenly identifies Mr. Huff as "Co-Director of the Environment and Natural Resource Division."  Compl. at ¶ 1.  In any event, since Mr. Jamison only sues Mr. Huff in his official capacity as the "Co-Director" (Compl. at ¶ 1), the undersigned have not obtained from the Department of Justice representation authority for Mr. Huff in his personal capacity.  This dispositive motion is filed on Mr. Huff's behalf in his official capacity; however, nothing in this motion should be deemed to waive any defenses that Mr. Huff might have in his personal capacity including, but not limited to, insufficiency of service of process and immunity from suit.

1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the absence and discoverability of documents. Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the actual search for responsive records was reasonable. Id.; Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith. Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 125-26 (D.C. Cir. 1982). As long as the agency submits detailed affidavits showing the scope and method of the search, then, in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is appropriate in its favor. Perry v. Block, 684 F.2d at 127.

The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485. Therefore, an agency should search those offices or components reasonably likely to have responsive records. Knight v. Food & Drug Admin., 938 F. Supp. 710, 716 (D. Kan. 1996). The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978). Nor does the FOIA require that an agency search every record system. Oglesby v Dep't. of Army, 920 F.2d at 68. Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents. Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

Here, as described in the attached declaration, the ENRD searched for documents kept in the Law and Policy Section. See Rhrazi Decl. at ¶ 6. The Law and Policy Section is the only unit within the ENRD that keeps files pertaining to the legislative jurisdiction determinations involving the ceding of land between the states and the federal government. See Rhrazi Decl. at ¶ 6. Responsive documents (if they exist) would have been found in three file cabinets located in the Law and Policy Section. Id. The ENRD thoroughly searched these cabinets and did not find any responsive documents. See Rhrazi Decl. at ¶ 7. The search was consistent with the procedures adopted by the ENRD when responding to FOIA requests. See Rhrazi Decl. at ¶ 12. The ENRD does not keep these types of documents in an electronic database. See Rhrazi Decl. at ¶ 6.

By letter dated May 27, 2005, the ENRD informed Mr. Jamison of its search and also informed him that the search did not uncover any responsive documents. See Rhrazi Decl. at ¶ 8 & Gov. Exh. C. Mr. Jamison then sued. Upon learning of the lawsuit, the ENRD conducted another thorough search of its files to ensure that responsive documents do not exist. See Rhrazi Decl. at ¶ 11. Like its previous search, the ENRD did not find any documents responsive to Mr. Jamison's FOIA request. Id. Given these facts, the Court should find that the ENRD's search was reasonable and adequate.

      **C.**     **Summary Judgment is Appropriate Because No Responsive Records Exist.**

A court has jurisdiction over a FOIA action only where an agency has improperly withheld agency records. 5 U.S.C. §552(a)(4)(B). Here, the ENRD has not withheld any records because documents responsive to Mr. Jamison's FOIA Request do not exist. As a result, this case does not present a justiciable controversy.

7

It is axiomatic that Article III of the Constitution limits federal court jurisdiction to litigation presenting an actual case or controversy. Federal courts are without power to resolve disagreements that fail to meet this jurisdictional prerequisite. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); Flast v. Cohen, 392 U.S. 83, 94-101 (1986). The case-or-controversy requirement ensures that the courts will undertake resolution only of issues that are concrete and sharply-focused, rather than imaginary disputes. Id. When the defendant has ceased the behavior which caused the case to be filed or, as in this case, eliminated the confusion that caused the plaintiff to file the action (e.g., the belief that the ENRD improperly withheld records that actually exist), courts need not reach a judgment. DeFunis v. Odegaard, 416 U.S. 312, 318 (1974); A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 331 (1961); Chamber of Commerce v. United States Department of Energy, 627 F.2d 289, 292 (D.C. Cir. 1980).

Here, the ENRD carried its burden of establishing that it conducted a search reasonably calculated to uncover all responsive records. See Rhrazi Decl. at ¶ 6 & 7 (describing the agency's search for responsive documents); see also Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d at 126. That is all that is required. See Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995) (no jurisdiction exists over claims where agency conducted good faith, reasonable search and found no responsive documents). However, the search did not uncover any responsive documents. Therefore, the Court should find that the ENRD's search was adequate and that responsive documents do not exist. The Court should simply dismiss this case as there is no justiciable controversy.

IV.     **Conclusion**

For all these reasons, the Court should dismiss this action, or alternatively, enter

8

summary judgment in favor of the federal defendants.[2]

Dated:                              Respectfully Submitted,

                                    _____/s/_____
                                    KENNETH L. WAINSTEIN, D.C. BAR #451058
                                    United States Attorney


                                    _____/s/_____
                                    R. CRAIG LAWRENCE, D.C. BAR #171538
                                    Assistant United States Attorney


                                    _____/s/_____
                                    JOHN C. TRUONG, D.C. BAR #465901
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 307-0406
                                    Attorneys for Defendants

---

[2] It is unclear from the Complaint whether Mr. Jamison is also seeking review of the Office of Information and Privacy's ("OIP") action with respect to his separate FOIA request. To the extent that he is, he has not exhausted administrative remedies as to the OIP. Under the FOIA, exhaustion of administrative remedies is required before filing suit in federal court in an attempt to obtain information subject to a request by judicial action. Wilbur v. CIA, 355 F.2d 675, 676 (D.C. Cir. 2004)(citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-64 (D.C. Cir. 1990); Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). See also Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (noting that "[i]t goes without saying that exhaustion of administrative remedies is required in FOIA cases. .... 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.").

In this case, Mr. Jamison failed to appeal the OIP's denial of his FOIA request. It appears that, on January 24, 2005, Mr. Jamison filed a separate FOIA request with the OIP seeking documents on five tracts of land in California. See Gov. Exh. F. In response, on February 14, 2005, the Deputy Director of OIP sent Mr. Jamison a letter informing him that it does not maintain the type of documents that he requested (i.e., information on tracts of land in California). See Gov. Exh. F. The February 14th letter also informed him that he has the right to appeal the letter to the Co-Director of OIP. It appears that Mr. Jamison did not appeal the February 14th letter. Accordingly, Mr. Jamison is barred from bringing any claim relating to the OIP's February 14th letter for failure to exhaust. The time for him to exhaust administrative remedies expired. To the extent, if any, that the Complaint purports to state a claim pertaining to the February 14th letter, the Court should dismiss such a claim for lack subject matter jurisdiction.

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STANLEY E. JAMISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2188 (PLF) |
| | ) | |
| **UNTIED STATES OF AMERICA, et al.** | ) | ECF |
| | ) | |
| **Defendants.** | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Upon consideration of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, any Opposition thereto, and the entire record herein, it is this _____ day of ____, 2006

ORDERED that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
U.S. District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 25, 2006, I caused the foregoing (1) Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment and Memorandum In Support ; (2) Declaration of Nadia Rhazia; and (3) Government Exhibits A-F to be served on plaintiff *pro se*, postage prepaid, addressed as follows:

**Stanley E. Jamison, Jr.**
**#06086-097**
USP – Victorville
P.O. Box 5500
Adelanto, CA 92301

_____/s/_____
John C. Truong